LAW OFFICES

**WILLIAMS & CONNOLLY LLP**

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

HOLLY M. CONLEY
(202) 434-5696
hconley@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

July 13, 2020

Via ECF

Hon. Colleen McMahon
Chief Judge, United States District Court
for the Southern District of New York
500 Pearl Street, Room 2550
New York, New York 10007

*7/13/2020 this time.
No stay at this time. He
Relators must respond to the
pending motions. We'll
[see what] happens after
motions are
decided or
another
matter*

Re:     *United States ex rel. Bassan et al. v. Omnicare, Inc. and CVS Health*
        *Corp.*, 15 Civ. 4179 (CM);
        *United States ex rel. Arash Mohajer and Christopher C. Peterson v. Omnicare,*
        *Inc. and CVS Health Corp.*, 17 Civ. 4176 (CM)

**MEMO ENDORSED**

Dear Chief Judge McMahon,

    I write on behalf of Defendants Omnicare, Inc. and CVS Health Corporation
(collectively, "Omnicare"), in response to Relators' motions to stay their state-law claims (the
"Motions"). *See* Bassan Dkt. 75; Mohajer Dkt. 79. The Motions, filed at the eleventh hour
before Relators' oppositions to Omnicare's long-pending motions to dismiss are due, do not
justify the "extraordinary remedy" of a stay. *Grand River Enterprises Six Nations, Ltd. v.*
*Pryor*, 2004 WL 2480433, at *3 (S.D.N.Y. Nov. 3, 2004), *aff'd*, 425 F.3d 158 (2d Cir. 2005)
(internal quotation marks omitted). Nor could they. Omnicare's motions to dismiss raise a host
of pleading and procedural defects that doom Relators' state-law claims at the outset. Staying
those claims would leave Bassan's entire Complaint (which is operative as to state-FCA claims
only) and Mohajer's 25 state-FCA claims languishing on the Court's docket for years, despite
Omnicare's well-recognized "interest in clear[ing] [its] name . . . in a timely manner." *SEC v.*
*Blaszczak*, 2018 WL 301091, at *2 (S.D.N.Y. Jan. 3, 2018) (internal quotation marks omitted).
Delaying the inevitable dismissal of the state-FCA claims would not benefit the parties, the
Court, or the public.

    Relator Uri Bassan filed the first of these cases on June 1, 2015, bringing claims under
the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733, and the analogous laws of 30 states,
regarding allegations that Omnicare "obtain[ed] reimbursement for prescription . . . drugs
dispensed by Omnicare without valid prescriptions." Bassan Dkt. 16 ¶ 3. The case remained
under seal for over four years while the government investigated Bassan's allegations. Partway
through this investigation, Relators Arash Mohajer and Christopher Peterson filed their own

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/15/2020

WILLIAMS & CONNOLLY LLP

Hon. Colleen McMahon
July 13, 2020
Page 2

case, bringing a materially identical federal FCA claim, but no state-FCA claims. Mohajer Dkt. 25.

The investigation concluded in late-2019 and the parties began to litigate these cases. In December 2019, the federal government intervened to pursue the federal-FCA claims. *See* Bassan Dkt. 17; Mohajer Dkt. 26. Over the course of the next few months, each state government (save Indiana) informed the Court that it would not intervene to pursue Bassan's state-FCA claims. *See* Bassan Dkt. 22, 64.[1] On March 12, 2020, Mohajer and Peterson amended their complaint, adding claims under 25 state FCAs. *See* Mohajer Dkt. 61. They did not serve the states or otherwise give them an opportunity to elect whether to intervene.

On May 4, 2020, Omnicare moved to dismiss each complaint in this matter. As relevant here, Omnicare raised pleading and procedural defects that apply to each of the Relators' state-FCA claims. As to Bassan, Omnicare raised the failure to allege: (1) the submission of false claims to any state with the particularity demanded by Federal Rule of Civil Procedure 9(b); (2) that any claim to any state was "false"; (3) the scienter demanded by each state FCA; or (4) that any alleged falsehood was material to any of the states. *See* Bassan Dkt. 70 at 8–21. Omnicare raised these same defects as to the state-FCA claims brought by Mohajer and Peterson, as well as those Relators' violations of state-FCA (1) first-to-file rules, (2) public-disclosure bars, and (3) mandatory-sealing requirements. *See* Mohajer Dkt. 71 at 23–25. These arguments apply equally across the state-FCA claims and do not turn on the nuances of any state-FCA law.[2] Relators' oppositions to these motions are due today, July 13, 2020. On July 8 and 9, 2020, Relators first raised with Omnicare their desire to stay their state claims entirely, pending resolution of the federal-FCA claim the government is pursuing. The Motions, which followed on July 9, 2020, should be denied.

A "stay of a civil case is an extraordinary remedy," *Grand River Enterprises*, 2004 WL 2480433, at \*3 (internal quotation marks omitted), and "[t]he proponent of a stay bears the burden of establishing its need," *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Accordingly, where "there is even a fair possibility" that a stay "will work damage to some one else," the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward." *Pippins v. KPMG LLP*, 2011 WL 1143010, at \*6 (S.D.N.Y. Mar. 21, 2011) (internal quotation marks omitted). In addition to this consideration of the relative interests of the parties, the Court may also consider "[1] the interests of the courts; [2] the interests of persons not parties to the civil litigation; and [3] the public interest." *Id.* (internal quotation marks omitted). None of these factors favors a stay.

---

[1] Indiana did not file anything and thereby missed both the deadline for intervention and the March 12, 2020 deadline for the filing of amended complaints.

[2] The only exception is Bassan's New Mexico claim, about which Omnicare raised additional pleading defects under requirements unique to that state. Bassan Dkt. 70 at 21–22. The New Mexico claim also fails for the various other reasons that Omnicare raised as to every other state.

WILLIAMS & CONNOLLY LLP

Hon. Colleen McMahon
July 13, 2020
Page 3

    Relators do not identify a single "hardship or inequity" they face "in being required to go forward" with the state-FCA claims they chose to bring against Omnicare. *Id.* Yet a stay plainly would "work damage to" Omnicare's interests, *id.*, by requiring it to litigate these cases twice. *See Medien Patent Verwaltung AG v. Warner Bros. Entm't Inc.*, 2014 WL 1169575, at *2 (S.D.N.Y. Mar. 21, 2014) ("In addition to the axiom that 'justice delayed is justice denied,' it is a practical reality that the longer litigation lasts, the more expensive it will be."). As Relators admit, their state-FCA claims "are based on the same conduct as the claims alleging violations of the federal FCA." Bassan Dkt. 75 at 1; *accord* Mohajer Dkt. 79 at 1. Staying those claims while the parties litigate the federal-FCA claims would mean that no matter the outcome, Relators would have a second bite at the apple in each stage of litigating about "the same conduct." (In Bassan's case, a stay would mean that Bassan's Complaint, which is operative as to state-FCA claims only, would be entirely dormant until after the federal government's case is concluded.) In addition, Omnicare would be subject to "serious and stigmatizing allegations of fraud" for the duration of the stay, which can "damage[] the reputation of those accused so long as the lawsuit remains pending." *Riviera Drilling & Expl. Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93–94 (10th Cir. 2011) (internal quotation marks omitted); *see also Blaszczak*, 2018 WL 301091, at *2 ("Courts in this district have recognized that a defendant has an interest in clear[ing] his name . . . in a timely manner." (internal quotation marks omitted)).

    Nor would there be any benefit to staying the state-FCA claims while the federal claims proceed. In fact, "a court's interest is usually best served by discouraging motions to stay," as "[c]ourts have an interest in managing their cases and efficiently resolving litigation." *Exp.-Imp. Bank of U.S. v. Hi-Films S.A. de C.V.*, 2010 WL 3743826, at *13 (S.D.N.Y. Sept. 24, 2010) (internal quotation marks omitted). Relators' sole argument is to cite this Court's decision in *United States v. TEVA Pharmaceuticals USA, Inc.*, 2016 WL 750720 (S.D.N.Y. Feb. 22, 2016), for the proposition that a stay can avoid the unnecessary expenditure of the effort of delving into "the arcana of myriad (as in, more than 30) state and local false claims laws." *Id.* at *28. But *TEVA* was a declined *qui tam* in which the Relator was pursuing both federal and state causes of action. The federal FCA claims had largely survived a motion to dismiss, while the remaining argument against the state-FCA claims turned on nuanced interpretations of each of the state and local laws and regulations regarding kickbacks, which were better left to "fora where local laws are well known and frequently applied" and might be avoided entirely by resolving the federal-FCA claims. *Id.* Here, by contrast, Relators' state-FCA claims fail for a host of much simpler reasons that do not require the Court to delve into the specifics of *any* state FCA. Indeed, the state FCAs all largely "parallel" each other and the federal FCA. *E.g.*, *United States ex rel. Kester v. Novartis Pharm. Corp.*, 43 F. Supp. 3d 332, 339 (S.D.N.Y. 2014). Omnicare's arguments can be assessed globally as to all state claims.

    To be sure, Omnicare's pending motions to dismiss raise the specifics of state pharmacy laws. *See* Bassan Dkt. 70 at 13–16; Mohajer Dkt. 71 at 18. But those laws are implicated *regardless* of whether the state-FCA claims are stayed. The federal-FCA claims in this case allege that Omnicare failed to comply with state-specific pharmacy laws, compliance the government and Relators claim was required by the Medicare, Medicaid, and Tricare programs.

WILLIAMS & CONNOLLY LLP

Hon. Colleen McMahon
July 13, 2020
Page 4

*See* Bassan Dkt. 70 at 13; Bassan Dkt. 72 at 10; Mohajer Dkt. 71 at 17–18; Mohajer Dkt. 73 at
10. Because the vast majority of state laws explicitly permit Omnicare's alleged conduct, the
federal-FCA claims fail. *See* Bassan Dkt. 72 at 11–14; Mohajer Dkt. 73 at 11–14. Although
that state-specific analysis is also relevant to the state-FCA claims, a stay will not avoid that
analysis, which is needed to assess whether the federal government has stated a plausible claim
under the federal FCA. Accordingly, the interests of "judicial economy and docket
management" that were served by abstaining from deciding the state-law issues implicated in
*TEVA*, 2016 WL 750720, at *28, could not be served here.

\*        \*        \*

Unlike the situation in *TEVA*, a stay of Relators' state-FCA claims here would not
prevent or alleviate the Court's task in resolving Omnicare's motions to dismiss and, if those
motions are not granted in full, in adjudicating those claims. At the same time, a stay would
force Omnicare to litigate claims about "the same conduct" twice. This would be particularly
inequitable because the state-FCA claims suffer from myriad, fundamental defects that require
that they be dismissed in their entirety at the outset of this case. The Motions therefore should
be denied because "the Court's interest lies in concluding this matter." *Medien Patent*, 2014
WL 1169575, at *3.

We appreciate the Court's attention to these matters and are prepared to address them
further at the Court's convenience.

Respectfully Submitted,

Holly M. Conley (*pro hac vice*)
Williams & Connolly LLP
725 Twelfth St. NW
Washington, D.C. 20005
T: (202) 434-5696; F: (202) 434-5029
hconley@wc.com
Attorney for Omnicare, Inc. and CVS Health Corp.

cc: All counsel of record (via ECF)